UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| INDIVIOR INC. and INDIVIOR UK LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>TEVA PHARMACEUTICALS USA, INC.,<br><br>Defendant. | Civil Action No. 17-7115 (KM)(CLW)<br><br>(Filed Electronically) |
| INDIVIOR INC., INDIVIOR UK LIMITED, and AQUESTIVE THERAPEUTICS, INC.,<br><br>Plaintiffs,<br>v.<br><br>TEVA PHARMACEUTICALS USA, INC.,<br><br>Defendant. | Civil Action No. 18-1777 (KM)(CLW)<br><br>(Filed Electronically) |
| INDIVIOR INC., INDIVIOR UK LIMITED, and AQUESTIVE THERAPEUTICS, INC.,<br><br>Plaintiffs,<br>v.<br><br>TEVA PHARMACEUTICALS USA, INC.,<br><br>Defendant. | Civil Action No. 18-5300 (KM)(CLW)<br><br>(Filed Electronically) |

## ORDER OF CONSOLIDATION

WHEREAS, Plaintiffs Indivior Inc. and Indivior UK Limited initiated Civil Action No. 17-7115 (KM)(CLW) against Defendant Teva Pharmaceuticals USA, Inc. ("Defendant")

alleging that the products described in Defendant's New Drug Application ("NDA") No. 208042 would, if approved by the U.S. Food and Drug Administration ("FDA"), infringe U.S. Patent No. 9,687,454;

WHEREAS, Plaintiffs Indivior Inc., Indivior UK Limited, and Aquestive Therapeutics, Inc. (collectively, "Plaintiffs") initiated Civil Action No. 18-1777 (KM)(CLW) against Defendant alleging that the products described in Defendant's NDA No. 208042 would, if approved by the FDA, infringe U.S. Patent No. 9,855,221;

WHEREAS, Plaintiffs initiated Civil Action No. 18-5300 (KM)(CLW) against Defendant alleging that the products described in Defendant's NDA No. 208042 would, if approved by the FDA, infringe U.S. Patent No. 9,931,305;

WHEREAS, Civil Action Nos. 17-7115, 18-1777, and 18-5300 (the "Consolidated Actions") all involve Defendant's NDA No. 208042;

WHEREAS, the parties agree that consolidation of Civil Action Nos. 17-7115, 18-1777, and 18-5300 for all purposes would conserve resources for the parties and the Court and would improve the efficient handling of all three matters;

WHEREAS, Defendant has filed a Motion to Transfer in Civil Action No. 17-7115 (KM)(CLW) (D.I. 8);

WHEREAS, the parties have agreed that Defendant's Motion to Transfer is deemed filed in Civil Action No. 18-1777 (KM)(CLW) and Civil Action No. 18-5300 (KM)(CLW);

WHEREAS, the parties have agreed that any decision regarding Defendant's Motion to Transfer (C.A. 17-7115, D.I. 8) shall be binding on the parties and shall have full force and effect in all three of the Consolidated Actions;

WHEREAS, the parties have agreed that the Discovery Confidentiality Order entered in Civil Action No. 17-7115 (KM)(CLW) (D.I. 31), and any subsequent amendments thereto, shall apply equally to Civil Action No. 18-1777 (KM)(CLW) and Civil Action No. 18-5300 (KM)(CLW);

WHEREAS, the parties have agreed, subject to the Court's approval, that all counsel who have been admitted *pro hac vice* in Civil Action No. 17-7115 shall be deemed to be admitted *pro hac vice* in Civil Action No. 18-1777 and Civil Action No. 18-5300;

WHEREAS, the parties have agreed that NDA No. 208042, which was produced in Civil Action No. 17-7115 (KM)(CLW) per L. Pat. R. 3.6(a) and L. Pat. R. 3.6(j), is deemed produced in the Consolidated Actions;

WHEREAS, the parties have agreed that the previous agreements (D.I. 29) that 1) all materials produced by any party in *Reckitt Benckiser Pharmaceuticals Inc. et al v. Teva Pharmaceuticals USA Inc.*, 14-cv-01451-RGA (D. Del.) and/or *Indivior Inc. et al v. Teva Pharmaceuticals USA, Inc.*, 16-cv-00178-RGA (D. Del.) shall be deemed produced in this Action, and 2) all discovery including expert reports and depositions, previously taken by Plaintiffs or Teva in *Reckitt Benckiser Pharmaceuticals Inc. et al v. Teva Pharmaceuticals USA Inc.*, 14-cv-01451-RGA (D. Del.) and/or *Indivior Inc. et al v. Teva Pharmaceuticals USA, Inc.*, 16-cv-00178-RGA (D. Del.) may be used in this action for any otherwise allowable purpose under the Federal Rules of Civil Procedure and Federal Rules of Evidence, is deemed to apply in the Consolidated Actions;

WHEREAS, the parties have agreed that the Initial Disclosures under Fed. R. Civ. P. 26(a)(1) served in Civil Action No. 17-7115 (KM)(CLW) are deemed served in the Consolidated Actions, subject to supplementation per Fed. R. Civ. P. 26(e);

WHEREAS, the parties have agreed that Defendant will accept service of the complaint in Civil Action No. 18-5300 (KM)(CLW), effective as of May 4, 2018;

WHEREAS, the parties have agreed, subject to the Court's approval, that Defendant will respond to the complaints in Civil Action Nos. 18-1777 (KM)(CLW), and 18-5300 (KM)(CLW) no later than June 1, 2018;

WHEREAS, in light of the foregoing, good cause exists to consolidate these actions;

**IT IS on this** \_\_\_\_19\_\_\_\_ **day of May 2018,**

**ORDERED** that Civil Action Nos. 17-7115 (KM)(CLW), 18-1777 (KM)(CLW), and 18-5300 (KM)(CLW) are consolidated for all purposes, including all pretrial matters, discovery, and trial, pursuant to Federal Rule of Civil Procedure 42;

**IT IS FURTHER ORDERED** that Civil Action No. 17-7115 shall be the Lead Case and any future filings in the Consolidated Actions are to be made under Civil Action No. 17-7115 only. The Clerk of Court shall designate Civil Action No. 18-1777 and Civil Action No. 18-5300 as closed for administrative purposes;

**IT IS FURTHER ORDERED** that any decision regarding Defendant's Motion to Transfer (C.A. 17-7115, D.I. 8) shall be binding on the parties and shall have full force and effect in all three of the Consolidated Actions;

**IT IS FURTHER ORDERED** that the Discovery Confidentiality Order entered in Civil Action No. 17-7115 (D.I. 31), and any subsequent amendments thereto, shall apply to the Consolidated Actions;

**IT IS FURTHER ORDERED** that all counsel who have been admitted *pro hac vice* in Civil Action No. 17-7115 are hereby be admitted *pro hac vice* in Civil Action No. 18-1777 and Civil Action No. 18-5300;

**IT IS FURTHER ORDERED** that Defendant will respond to the complaints in Civil Action Nos. 18-1777 (KM)(CLW), and 18-5300 (KM)(CLW) no later than June 1, 2018; and

**IT IS FURTHER ORDERED** that the following schedule shall apply to the Consolidated Actions[1]:

| Activity | Date |
| --- | --- |
| Joint Discovery Plan | TBD |
| Rule 16 Conference | TBD |
| Plaintiffs' Disclosure of Asserted Claims<br>L. Pat. R. 3.6(b) | 6/20/2018 |
| Rule 26 Disclosures | 6/15/2018 |
| Defendant's Non-Infringement and Invalidity Contentions and Responses (and Document Productions)<br>L. Pat. R. 3.4, 3.4A, 3.6(c), (d), (e), (f) | 7/11/2018 |
| Plaintiffs' Disclosure of Infringement Contentions and Responses to Invalidity Contentions (and Document Production)<br>L. Pat. R. 3.2, 3.2A, 3.6(g), (h), (i) | 8/30/2018 |
| Exchange of Proposed Terms for Construction<br>L. Pat. R. 4.1(a) | 9/11/2018 |
| Exchange of Preliminary Claim Constructions and Evidentiary Support<br>L. Pat. R. 4.2(a), (b) | 9/21/2018 |

---

[1] Defendant expressly reserves the right to request that the Court enter dates certain for expert discovery and to seek a modified schedule for expert discovery as the case progresses.

| Activity | Date |
|---|---|
| Exchange an Identification of All Intrinsic and Extrinsic Evidence that Each Party Intends to Rely Upon to Oppose Any Other Party's Proposed Construction<br>L. Pat. R. 4.2(c) | **10/5/2018** |
| Meet and Confer to Narrow the Issues and Finalize Preparation of Joint Claim Construction and Prehearing Statement<br>L. Pat. R. 4.2(d) | **By 10/12/2018** |
| File Joint Claim Construction and Prehearing Statement<br>L. Pat. R. 4.3 | **10/19/2018** |
| Completion of Claim Construction Fact Discovery<br>L. Pat. R. 4.4 | **11/16/2018** |
| Last Date to Serve Request(s) for Production of Documents | **30 Days before Fact Discovery Deadline** |
| *Contemporaneously Filed* Opening *Markman* Submissions<br>L. Pat. R. 4.5 | **12/5/2018** |
| Close of Claim Construction Expert Discovery with Regard to Opening *Markman* Submissions (Submitted a Certification or Declaration under L. Pat. R. 4.5(a))<br>L. Pat. R. 4.5(b) | **1/9/2019** |
| Final Deadline for Response to Document Request(s) | **Same as Fact Discovery Deadline** |
| *Contemporaneously Filed* Responding *Markman* Submissions<br>L. Pat. R. 4.5(c) | **2/1/2019** |
| Meet and Confer to Schedule Claim Construction Hearing<br>L. Pat. R. 4.6 | **By 2/15/2019** |

| Activity | Date |
| --- | --- |
| Claim Construction Hearing | **TBD** |
| Claim Construction Order | **TBD** |
| Fact Discovery Deadline | **60 Days after Claim Construction Order** |
| Motions to Amend Pleadings | **8/24/2018** |
| Interrogatory Response Deadline | **Same Date as Fact Discovery Deadline** |
| Deadline to Add New Parties | **8/24/2018** |
| Opening Expert Reports | **90 days after Claim Construction Order** |
| Responsive Expert Reports | **42 days after Expert Reports** |
| Reply Expert Reports | **28 days after Responsive Expert Reports** |
| Close of Expert Discovery (Expert Depositions to be Completed on or before) | **56 days after Reply Reports** |
| Final Pretrial Conference | **TBD** |
| Trial | **TBD** |

*[signature]*

Hon. Cathy L. Waldor, U.S.M.J.

7