UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| INDIVIOR INC. and INDIVIOR UK LTD.,<br><br>        Plaintiffs,<br><br>vs.<br><br>DR. REDDY'S LABORATORIES S.A., and DR. REDDY'S LABORATORIES, INC.,<br><br>        Defendants. | Civ. No. 17-7106 (KM)(CLW)<br>Civ. No. 17-7111 (KM)(CLW)<br>Civ. No. 17-7115 (KM)(CLW)<br><br>**OPINION** |
| INDIVIOR INC. and INDIVIOR UK LTD.,<br><br>        Plaintiffs,<br><br>vs.<br><br>TEVA PHARMACEUTICALS USA, INC.,<br><br>        Defendant. | |
| INDIVIOR INC. and INDIVIOR UK LTD.,<br><br>        Plaintiffs,<br><br>vs.<br><br>ALVOGEN PINE BROOK, INC.,<br><br>        Defendant. | |

**KEVIN MCNULTY, U.S.D.J.:**

Now before the Court is the Report and Recommendation ("R&R") (ECF no. 50, Civ. No. 17-7106; ECF no. 50, Civ. No. 17-7115; ECF no. 118, Civ. No. 17-7111) of Magistrate Judge Cathy L. Waldor. Judge Waldor recommends that I deny the motions of defendants, Dr. Reddy's Laboratories S.A. and Dr. Reddy's Laboratories, Inc. (collectively, "DRL"), Teva Pharmaceuticals USA, Inc. ("Teva"), and Alvogen Pine Brook, Inc. ("Alvogen") (collectively, "Defendants") to transfer venue of this case to the District of Delaware under 28 U.S.C. § 1404(a).[1] For the reasons set forth below, the R&R is adopted and affirmed as to these defendants, and their motions to transfer are denied.

## I. BACKGROUND and DISCUSSION

As to a Magistrate Judge's order regarding a non-dispositive matter, the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting *Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 250 (3d Cir. 1998); 28 U.S.C. § 636(b)(1)(A)). The district court will review findings of fact for clear error and to review matters of law *de novo*. *Id*.

As to a dispositive matter referred to the Magistrate Judge for decision, however, the district court's review is plenary:

> The product of a magistrate judge, following a referral of a dispositive matter, is often called a "report and recommendation."

---

[1] Both Teva and Alvogen initially filed separate motions to transfer in their respective cases. (ECF no. 12, Civ. No. 17-1706; ECF no. 8, Civ. No. 17-7115.) In her R&R regarding Teva and Alvogen's motions to transfer, Judge Waldor noted that "[t]he facts of th[ese] case[s] are virtually identical to those in *Indivior, et al. v. Dr. Reddy's Laboratories, S.A. et al.*, No. 2:17-cv-7111-KM-CLW" and thus incorporated the R&R for DRL's motion into her R&R for the other motions. (ECF no. 50, Civ. No. 17-7106; ECF no. 50, Civ. No. 17-7115.) Judge Waldor did note some distinctions among the defendants: Teva was incorporated in Delaware and had a principal place of business in North Wales, PA, whereas Alvogen was incorporated in Delaware and had a principal place of business in New Jersey. (*Id*.) (ECF no. 54, 17-7106; ECF no. 161, Civ. No. 17-7111; ECF no. 52, Civ. No. 17-7115.) However, because the objections are the same, I will issue this one opinion as to all three motions.

2

> Parties "may serve and file specific written objections to the proposed findings and recommendations" within 14 days of being served with a copy of the magistrate judge's report and recommendation. Fed. R. Civ. P. 72(b)(2). If a party objects timely to a magistrate judge's report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

*EEOC v. City of Long Branch*, 866 F.3d at 99–100.

Some decisions in this District have treated Magistrate Judges' decisions on motions to transfer venue as non-dispositive. *See* Allyn Z. Lite, N.J. Fed. Prac. R. Loc. R. 72.1a, comment 3, at p. 419 (2018 ed.) (citing, *e.g.*, *Siemens Financial Services v. Open Advantage*, 2008 U.S. Dist. LEXIS 15623 (D.N.J. Feb. 29, 2008) (Hayden, J.)). Others have treated them as dispositive. *See Cuco v. United States*, 2007 WL 2904193 (Oct. 2, 2007) (Chesler, J.) (treating motion to transfer as dispositive and reviewing R&R *de novo*); *Oliver v. Third Wave Technologies*, 2007 U.S. Dist. LEXIS 70915 (D.N.J. Sept. 24, 2007) (Linares, J.). As to this issue, there has been no definitive holding by the U.S. Court of Appeals for the Third Circuit. *But cf. In re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998) (Magistrate Judge order remanding case to state court is dispositive).

This particular matter presents itself in the form of a report and recommendation, implying and signaling to the parties that it has been treated as a dispositive ruling. Therefore, in an abundance of caution, I will treat it as such, and review it *de novo*.

In the end, however, the standard of review makes little difference, because I find myself in agreement with Judge Waldor's well-reasoned R&R. Having exercised *de novo* review, I adopt and affirm the R&R, adding some procedural history, a summary of the R&R, and a few additional observations that address the objections made by defendants.

The only update of note to the procedural history is my disposition of the motion of Indivior Inc., Indivior UK Limited, and Aquestive Therapeutics, Inc. (collectively, "Plaintiffs") for a preliminary injunction against DRL. On July 13, 2018, after a hearing on the issue, I granted the motion for a preliminary injunction, barring DRL from manufacturing, importing, or selling a generic version of Suboxone in the United States. (ECF nos. 122, 136, Civ. No. 17-7111.) DRL has appealed this preliminary injunction to the U.S. Court of Appeals for the Federal Circuit; that appeal is pending (*Indivior Inc. v. Dr. Reddy's Laboratories, S.A.*, 18-2167). (ECF nos. 137, 139, Civ. No. 17-7111.)

Plaintiffs' essential claim is that Alvogen, Teva, and DRL are manufacturing, marketing, and selling a generic product that infringes the patents at issue. They argue that the District of New Jersey is the proper venue for these patent infringement cases. Alvogen, Teva, and DRL moved to transfer venue to the District of Delaware under 28 U.S.C. § 1404(a). There is a history of litigation over plaintiffs' patents for sublingual films in front of District Judge Richard G. Andrews in the District of Delaware. In 2014, plaintiffs pursued several patent infringement actions against DRL (as well as other defendants not parties to this case) in the District of Delaware, alleging similar infringement. The patents at issue in Delaware were similar to, and one is a parent patent to, the patents at issue in this case. Judge Andrews made two rulings in favor of DRL: the first on collateral estoppel grounds and the second on the grounds that the patent was valid but that DRL did not infringe it.

Judge Waldor recommended denying the motions to transfer venue. (R&R at 16.)

First, she found that venue is permissible as to DRL in the District of New Jersey under the patent venue statute, 28 U.S.C. § 1404(b), which states that a "civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." (*Id.* at 7.) The Supreme Court has explained that, for patent cases, a domestic

4

corporation "resides" only in its state of incorporation and where it has a regular and established place of business. *TC Heartland LLC v. Kraft Food Grp. Brands LLC*, 137 S. Ct. 1514, 1517 (2017). Judge Waldor found, and the parties did not dispute, that DRL was incorporated in New Jersey and that venue was therefore in accordance with § 1404(b) and *TC Heartland*.

Second, Judge Waldor considered whether plaintiffs had consented to venue in the District of Delaware. As to that issue, she determined that DRL had failed to meet its burden of proof. (R&R at 9.) To begin with, she noted, the action may be transferred only if the plaintiff could have brought the action in the transferee district as of the time of the action's commencement. (*Id.* at 8 (citing *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960); *Ragner Tech. Corp. v. Berardi*, 287 F. Supp. 2d 541, 547 (D.N.J. 2018).) DRL states that it did not meet the requirements of § 1404(b) for the purposes of establishing residency in Delaware. (*Id.*) And although DRL had previously consented to jurisdiction in the Delaware cases, "consent is specific to one action and does not extend to other cases." (*Id.* at 8–9.)

Third, Judge Waldor directly addressed the appropriateness of transfer under § 1404(a), balancing the factors laid out in *Jumara v. State Farm Ins.*, 55 F.3d 873 (3d Cir. 1995). She held that the *Jumara* factors did not weigh in favor of granting a discretionary transfer. (*Id.* at 11.) Considering the proximity of the two forums, she did not find that it would be more efficient and convenient for the parties to litigate in Delaware, rather than New Jersey. (*Id.*) Additionally, she found that both districts faced busy dockets and that a transfer would not reduce court congestion. (*Id.*) She also explained that whether the transferee court has presided over prior similar suits with respect to the same patent did not control the transfer analysis. But even so, she found, this Court had already become quite familiar with the patents at issue, particularly in light of the proceedings that resulted in the grant of the preliminary injunction. (*Id.* at 12.) She also found that New Jersey is at least as convenient, if not more so, than Delaware, and that a foreign plaintiff should

be given deference when it elects to bring a case in defendant's home forum, as plaintiffs did here. (*Id.* at 12–13 (citing *Tech. Dev. Co. v. Onischenko*, 536 F. Supp. 2d 511, 518, 520 (D.N.J. 2007).)

Finally, Judge Waldor held that the first-filed rule, which permits a court to transfer a case to the district where a suit involving the same parties and issues where that case was first filed, did not apply. (*Id.* at 14–15.) While the New Jersey and Delaware actions were similar and overlapping in some respects, there was not such an identity of actions that the first-filed rule should control. (*Id.* at 15.) Different patents, containing additional, different, or missing claim language or limitations were at issue in the New Jersey cases. (*Id.* at 15–16.) Further, she noted that the danger of conflicting decisions was mitigated because all patent cases are subject to appeals to the same court— the U.S. Court of Appeals for the Federal Circuit. (*Id.* at 16.)

The defendants object to Judge Waldor's R&R on several grounds. First, they argue that even if venue as to DRL would not otherwise be appropriate in Delaware, DRL consented to venue in connection with the previous Delaware case. (ECF no. 161, 17-7111, at 5 [hereinafter, "Obj."].) That consent, they argue, carries over to the current cases, and Judge Waldor was wrong to conclude otherwise. They also point to several actions by DRL that imply a willingness to concede venue in Delaware.[2]

I disagree. I find that Judge Waldor correctly analyzed the issue of the permissibility of venue in the District of Delaware. That analysis focuses on the time "when a suit is commenced." *Ragner*, 287 F. Supp. 2d at 547.[3] At the time

---

[2] "Among those acts: (1) when DRL acquired its Suboxone ANDAs from Teva, it adopted Teva's agreement to not contest venue in Delaware; (2) DRL engaged in extensive discovery, motions practice, and even trial, all in Delaware; and (3) DRL affirmatively adopted counterclaims that is Suboxone ANDAs would not infringe *any* of Indivior's Orange Book patents and that those patents were invalid." (Obj. at 6.)

[3] *See also Hoffman*, 363 U.S. at 344 ("If when a suit is commenced, plaintiff has a right to sue in that district, independently of the wishes of defendant, it is a district 'where [the action] might have been brought.' If he does not have that right, independently of the wishes of defendant, it is not a district 'where it might have been brought,' and it is immaterial that the defendant subsequently [makes himself subject,

6

this action was commenced, DRL did not reside in Delaware and there was no guarantee that DRL would consent to venue there. The extrinsic acts cited by Teva and DRL, see n. 4, supra, related to the Delaware action and the patent issues in suit there, but they did not constitute a clear manifestation of consent to lay venue of *this* case in Delaware as of the time it was filed.

Second, defendants object to Judge Waldor's balancing of the *Jumara* factors. (Obj. at 7.) They cite "overwhelming" authority that calls for a transfer where the transferee court has considerable prior experience with the same parties, the same technology, the same subject matter of the asserted patents, and the same accused formulations (*id.* at 8 (citing, e.g., *Lifecell Corp. v. Lifenet Health*, 15-6701, 2016 WL 3545752, at *4 (D.N.J. June 8, 2016)). They therefore take issue with Judge Waldor's conclusion that Judge Andrews's familiarity with the case "has no bearing on the transfer analysis." (*Id.*) On the point of judicial economy, they point to what they believe are conflicting decisions of Judge Andrews and this Court. (*Id.* at 9.)

Again, I disagree. Judge Waldor weighed the *Jumara* factors correctly and came to an appropriate conclusion. Defendants, I believe, overread Judge Waldor's statement about the relevance of Judge Andrews's familiarity with the previous patents and the prior proceedings. Judge Andrews, by virtue of ably presiding over the previous case, surely gained relevant expertise. Still, he should not be deemed to have superior familiarity with the issues raised in *this*, non-identical case. (R&R at 12.) My decision on the preliminary injunction, for example was not a new judge's inconsistent resolution of the same question already decided by Judge Andrews; to the contrary, I rejected *res judicata* arguments and held that the revised claims of the '305 patent distinguished it from the patent that Judge Andrews analyzed. As to this discretionary venue issue, then, I do not find the cited authority to be "overwhelming." Because the issues in the cases are sufficiently distinct, and

---

by consent, waiver of venue and personal jurisdiction defenses or otherwise, to the jurisdiction of some other forum].").

for the reasons expressed by Judge Waldor, the *Jumara* factors do not compel transfer to Delaware.

Finally, Teva and DRL object to Judge Waldor's conclusions regarding the first-filed rule. (Obj. at 10.) Here, their arguments are similar to those they made regarding the *Jumara* factors: "The parties are the same. The products are the same. The patent specifications are the same. The issues are the same." (Obj. at 11.) Crucially, however, the patents and patent issues here are not identical to the ones litigated before Judge Andrews. In my ruling, I held that the language of the '305 Patent and the '514 Patent were sufficiently distinct to require a different result, at least for purposes of a preliminary injunction: "The '305 patent and its claim contain different language [from the '514 patent] and that language requires its own distinct construction." (ECF. no. 142, 17-7111, at 18.) Judge Waldor did not err in determining that "there [was] not sufficient overlap for the [first-filed] rule to control." (R&R at 15–16.)

## II. CONCLUSION

For the reasons stated by Judge Waldor, supplemented by the reasons in this opinion, the R&R (ECF no. 50, Civ. No. 17-7106; ECF no. 50, Civ. No. 17-7115; ECF no. 118, Civ. No. 17-7111) is adopted and affirmed, and the objections of Alvogen, Teva, and DRL (ECF no. 52, Civ No. 17-7106; ECF no. 161, Civ. No. 17-7111; ECF no. 54, Civ. No. 17-7115) are rejected. The motions to transfer venue (ECF no. 16, Civ No. 17-7106; ECF no. 12, Civ. No. 17-7111; ECF no. 8, Civ. No. 17-7115) are denied. An appropriate order accompanies this opinion.

Dated: August 27, 2018

**KEVIN MCNULTY**
**United States District Judge**